UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

LOUIS BRADLEY,

                           Defendant,

    -against-

CHRISTOPHER ARTUZ, Superintendent of Green
Haven Correctional Facility,

                           Respondent.

**MEMORANDUM & ORDER**
02-CV-5357(ERK)

**NOT FOR PUBLICATION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Korman, Ch. J.

    I assume familiarity with the background facts and the procedural history of this case. I previously rejected the grounds for relief asserted in the petition. I address here the Brady claim raised in the amended petition. I deny the petition on the ground that the information the District Attorney allegedly failed to disclose was either known to petitioner or had been elicited in grand jury and Wade hearing testimony. While the case against petitioner turned on eyewitness identification testimony, the deficits in the information cited by petitioner would not have affected the verdict under the Brady standard.

    Petitioner argues that, because the petition for a writ of habeas corpus was originally filed on August 15, 1995, prior to the effective date of the Antiterrorism and Effective Death Penalty Act, his challenge to the judgment conviction is not affected by the deference AEDPA accords state court denials of habeas corpus petition. The AEDPA issue cannot be resolved by this simple chronology.

The petition that was filed initially in 1995 was addressed to a delay in the prosecution of petitioner's direct appeal to the Appellate Division. On February 12, 2002, shortly after the case was reassigned to me, I granted the writ conditionally. Specifically, the order provided that, "[u]nless the Appellate Division reinstates petitioner's appeal from the judgment of conviction and decides it within six months, the writ will issue vacating the judgment of conviction." Bradley v. Artuz, 95-CV-3326 (E.D.N.Y. 2002). A copy of the Memorandum and Order is attached.

On September 26, 2002, petitioner's attorney advised me by letter that the direct appeal process had concluded and that petitioner's conviction was final. The letter then set forth the grounds for relief that petitioner was asserting. I treated the letter as a petition for a writ of habeas corpus. Subsequently, on April 27, 2003, I granted petitioner leave to amend the petition to allege the Brady claim at issue here. Because this ground for relief had not been exhausted, I stayed the proceedings pending the exhaustion of petitioner's state remedies. I otherwise denied the petition on the record. See Docket Entry 10 in 02 CV 5357. The matter ultimately made its way back here in February 2005.

On this full chronology, it seems clear to me that AEDPA applies to the review of the denial of petitioner's Brady claim, although the result would appear to be the same even AEDPA did not apply here.

**SO ORDERED:**

Brooklyn, New York
November 2, 2005

s/Edward R. Korman
Edward R. Korman
United States Chief District Judge

2